UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| KAREN D. EDMONDSON, | |
| Debtor. | CASE NO. 06-60228 |
| | ADVERSARY NO. 06-6153 |
| JOANNE PAULINO, | |
| Plaintiff, | |
| | JUDGE RUSS KENDIG |
| vs. | |
| KAREN D. EDMONDSON, | |
| | **MEMORANDUM OPINION (NOT** |
| Defendant. | **INTENDED FOR PUBLICATION)** |

This matter comes before the court upon a motion for summary judgment by Joanne Paulino, the chapter 7 trustee, (hereinafter "Plaintiff") on January 29, 2007. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157, and the general order of reference entered in this district on July 16, 1984. This is a core proceeding over which the court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(J). Venue in this district and division is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

### FACTS & PARTIES' ARGUMENTS

Karen D. Edmondson (hereinafter "Defendant") filed her chapter 7 bankruptcy petition

1

on March 1, 2006. Subsequently, Plaintiff filed her complaint on August 18, 2006[1], objecting to the discharge of Defendant pursuant to 11 U.S.C. §§ 727(a)(2)(A), (4)(A), and (5). Plaintiff alleges that on February 15, 2006, two weeks prior to her bankruptcy filing, Defendant received $7,189.45 from the settlement of a personal injury claim, which was not disclosed on Defendant's bankruptcy petition. Plaintiff further alleges that, at the meeting of creditors, Defendant testified to spending the entire amount of the settlement proceeds. On April 26, 2006, Defendant filed an amended Statement of Affairs, indicating the receipt of the personal injury settlement proceeds.

Defendant admits that she received $7,189.45 within the time frame indicated by Plaintiff, but states that the information was not placed in the schedules due to lack of proper advice from a friend. According to Defendant, she was listening to the questions being asked of another debtor in the meeting of creditors' room and immediately notified Plaintiff of the potential omission at the outset of her own meeting of creditors. Because she voluntarily offered the information at the beginning of her meeting of creditors, Defendant asserts that she was not intending to conceal the asset from Plaintiff. Defendant also denies Plaintiff's allegation that her actions constitute intent to deceive Plaintiff.

On November 16, 2006, Plaintiff filed a notice of service of special interrogatory requests for admissions. Subsequently, Donald Little, Counsel for Defendant (hereafter "Counsel") filed a motion to withdraw as counsel and simultaneously filed a motion to extend time to answer Plaintiff's interrogatories and requests for admissions. An order granting the motion to extend time to answer special interrogatories and requests for admissions was entered on December 8, 2006 and established a response deadline of January 15, 2007 for Defendant to respond. Counsel for Defendant stated that he personally advised Debtor to obtain new counsel and his motion to withdraw was granted on December 21, 2006.

Plaintiff filed a motion for summary judgment on January 29, 2007. Plaintiff states that, because Defendant failed to answer the special interrogatories prior to the court-established deadline, they are deemed admitted pursuant to Federal Rule of Bankruptcy Procedure 7036. Based on these admissions, Plaintiff states that Defendant should be denied a discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), (4)(A), and 727(a)(5).

The court established a deadline of April 18, 2007 for Defendant to respond to the motion for summary judgment and sent the order establishing deadlines directly to Defendant. On April 16, 2007, an envelope containing the return address label of "Karen Edmondson" was received by the court. The contents of the envelope appear to be copies of Plaintiff's November special interrogatories and requests for admission, with handwritten notations to the side of some of the questions and requests. It is unclear who wrote the notations on the documents, as no signature or affidavit is attached to the documents.

---

[1] The complaint was timely filed because Plaintiff obtained an order from the court on July 14, 2006, extending the time to object to the discharge of the debtor to August 18, 2006.

Nothing in the envelope addresses or provides a response to Plaintiff's motion for summary judgment.

## DISCUSSION

### 1. Summary Judgment Standard

The standard for summary judgment is set forth in Federal Rule of Civil Procedure 56, made applicable through Federal Rule of Bankruptcy Procedure 7056, which provides that:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c). The evidence "must be viewed in the light most favorable" to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). Summary judgment is not appropriate if a genuine dispute of material fact exists, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The court must first consider the basis for the moving party's motion for summary judgment, as the "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any', which it believes demonstrates the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Subsequently, the nonmoving party must demonstrate that a genuine issue of material fact exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The nonmoving party cannot merely rely on the pleadings or a mere scintilla of evidence to demonstrate the existence of such facts, but instead must specifically set forth evidence sufficient to demonstrate the existence of disputed material facts. Id. at 248. Only facts which could conceivably impact the outcome of the litigation are material. Id.

### 2. Requests for Admissions

Federal Rule of Bankruptcy Procedure 7036 makes Federal Rule of Civil Procedure 36 applicable in adversary proceedings. Pursuant to Rule 36, a party may serve requests for admissions. Fed. R. Civ. Pro. 36. If the opposing party does not answer these requests the "matter is deemed admitted" unless a response is filed or an objection is filed. Fed. R. Civ. P. 36(b). "Matters admitted on the basis of a party failing to respond to a request for admission within the prescribed period are, for evidentiary purposes in that case, deemed

3

conclusively established." Vaughan v. Meridian Nat'l Corp. (In re Ottawa River Steel), 324 B.R. 636, 638 (Bankr. N.D. Ohio 2005).

In the instant case, no motion to amend or withdraw the admissions was filed. Plaintiff served the requests via regular mail to Defendant's address of record. Further, when Counsel filed his motion to withdraw, he simultaneously filed a motion requesting an extension of time for Defendant to answer the requests for admissions and special interrogatories. The court granted this motion on December 8, 2006, and Defendant had until January 15, 2007 to respond. Despite this extension of time, Defendant failed to comply with the discovery requests. Thus, the matters listed by Plaintiff in her Motion for Summary Judgment are admitted and conclusively established.[2]

### 3. 11 U.S.C. § 727(a)(5)

Plaintiff contends that 11 U.S.C. § 727(a)(5) provides a basis for the denial of Defendant's discharge. That provision states, in applicable part:

(a) The court shall grant the debtor a discharge, unless --

        \*     \*     \*     \*     \*

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities

11 U.S.C. § 727(a)(5).

To succeed in denying a discharge under 11 U.S.C. § 727(a)(5), the party objecting to discharge has the task of "proving substantial and identifiable assets that the debtor owned at a time not too far removed from the bankruptcy that are no longer available for creditors." Strzesyniski v. Devaul (In re Devaul), 318 B.R. 824, 839 (Bankr. N.D. Ohio 2004); Stapleton v. Yanni (In re Yanni), 354 B.R. 708 (Bankr. E.D. Pa. 2006). Once the plaintiff establishes the requisite diminution, the burden shifts to a debtor to provide an explanation for the loss that is satisfactory to the court. Id. The party objecting to discharge pursuant to 11 U.S.C. § 727(a)(5) does not have to prove fraudulent intent. Turner v. Keck (In re Keck), 2007 Bankr. LEXIS 636, *36 (Bankr. D. Kan. 2007).

In this case, Plaintiff has met her burden of showing that Defendant at one time owned substantial and identifiable assets that are no longer available to the creditors. Defendant admitted in her answer that "she received a sum of $7,189.45 on or about February 14, 2006 and through lack of proper advice from friend said information was not

---

[2] The complete list of matters deemed admitted and conclusively established can be found in Plaintiff's motion for summary judgment, numbered one through twenty-one. Pl's Motion for Sum. Jdmt. at 4-5.

placed in the original schedules." Def.'s Answer at 1. Further, in her amended schedules and under penalty of perjury, she stated that she had $1,400 on hand, at her residence, from the settlement proceeds. However, the remaining amount is unaccounted for. It is clear that the assets are no longer available to creditors in this case because, in her answer, Defendant admits that she spent the settlement money. Def.'s Answer at 2. Defendant cannot meet her burden to provide an explanation for the loss because, through the requests for admission, it is conclusively established that "Defendant . . . failed to provide complete supporting cooberative evidence of the expenditure of the personal injury proceeds to the Chapter 7 trustee." Further, Defendant failed to respond to the motion for summary judgment with any cognizable defense or any type of indication that she had an explanation for the unavailability of the assets. Defendant has failed to specifically set forth evidence sufficient to demonstrate the existence of disputed material facts in regards to the allegations pursuant to 11 U.S.C. § 727(a)(5).

### 4. Conclusion

Plaintiff has met her burden pursuant to 11 U.S.C. §727(a)(5). Due to the conclusively established evidence stemming from the requests for admissions and the fact that Defendant failed to provide the court with any type of explanation or cognizable defense to Plaintiff's claim, no genuine issue of material fact exists. Thus, Plaintiff's motion for summary judgment pursuant to 11 U.S.C. § 727(a)(5) is **GRANTED** and Defendant/Debtor is denied a discharge pursuant to § 727(a)(5). The court need not explore Plaintiff's claims under 11 U.S.C. §§ 727(a)(2)(A) and (a)(4)(A), as they are moot after the denial of discharge under 11 U.S.C. § 727(a)(5).

A separate order is issued herewith.

/s/ Russ Kendig   MAY 0 1 2007
**Judge Russ Kendig**
**U.S. Bankruptcy Judge**

## Service List

Joanne Paulino
200 Market Ave. N.
P.O. Box 24213
Canton, OH 44701-2413

Karen D. Edmondson
1304 Shriver NE
Canton, OH 44705